[Cite as *Gevedon v. Univ. of Cincinnati*, 2010-Ohio-5912.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


SHERRY GEVEDON

    Plaintiff

    v.

THE UNIVERSITY OF CINCINNATI

    Defendant
    Case No. 2007-08031

Judge Clark B. Weaver Sr.

DECISION


{¶ 1} Plaintiff brought this action against defendant, University of Cincinnati (UC), alleging breach of contract. The issues of liability and damages were not bifurcated for trial and the case was scheduled to proceed to trial on both issues. However, by agreement of the parties and with the consent of the court, the case was submitted for a decision on written stipulations of fact and briefs.

{¶ 2} The parties' stipulation sets forth the basic facts of the case, in relevant part, as follows:

{¶ 3} "On September 15, 2004, Andrea Lindell, Dean of UC's College of Nursing, sent [plaintiff] a letter in which she offered Gevedon 'the position of Assistant Dean for Administrative and Entrepreneurial Affairs.'

{¶ 4} "On December 19, 2006, Dr. Lindell sent [plaintiff] a letter in which she stated that [plaintiff's] appointment would be continued 'for the period January 1, 2007 through December 31, 2007.'

**{¶ 5}** "On April 2, 2007, * * * Dr. Andrea Lindell, verbally notified [plaintiff] that her position was to be eliminated, effective July 1, 2007, and that she would receive a letter detailing the reasons for the same.

**{¶ 6}** "* * *

**{¶ 7}** "On April 17, 2007, UC abolished [plaintiff's] position pursuant to the letter first indicated on April 2, 2006 [sic]."

**{¶ 8}** Plaintiff's initial contract offer was set forth in a September 15, 2004 letter from Dr. Lindell which provides in relevant part:

**{¶ 9}** "It is my pleasure to offer you the position of Assistant Dean for Administrative and Entrepreneurial Affairs effective October 1, 2004. This is an administrative position and does not carry a faculty title. You will be located in Room 413A Procter Hall, although space assignments are subject to change based upon College of Nursing policies. *You will serve at the pleasure of the Dean and report directly to me.* Your annual salary will be $82,000 with an administrative stipend of $8,000 for a total of $90,000 per year. Increases in salary are given annually in July and are determined by guidelines from the Human Resource Department.

**{¶ 10}** "* * *

**{¶ 11}** "At the end of the first year of full-time employment, on or before December 1, 2005, we will review your position and the outcome performance basis to determine the feasibility of continuing the appointment." (Emphasis added.) (Stipulated Exhibit 1.)

**{¶ 12}** Following the completion of plaintiff's initial term, plaintiff was offered an extension, the relevant terms of which are set forth in the following December 19, 2006 correspondence from Dr. Lindell:

**{¶ 13}** "It is my pleasure to offer you the continuation of your appointment as Assistant Dean for Administrative and Entrepreneurial Affairs for the period January 1, 2007 through December 31, 2007.

**{¶ 14}** "* * *

**{¶ 15}** "On or before December 1, 2007, we will review your position and the outcome performance basis to determine the continuation of your appointment in the College beyond December 31, 2007.

{¶ 16} "* * * I look forward to the successful continuation of your employment in the College." (Stipulated Exhibit 2.)

{¶ 17} Defendant contends that the terms of plaintiff's agreement include those set forth in defendant's University Rules and Human Resources Manual. Ordinarily, as a general rule, written University employment agreements include published handbooks and policy manuals. See *Buckholz v. Bowling Green State Univ.*, Ct. of Cl. No. 2004-06879, 2006-Ohio-624. Here, the 2006 offer states that plaintiff's work location will be determined by the "College of Nursing policies," and that increases in plaintiff's salary are to be determined in accordance with "guidelines from the Human Resources Department." The 2004 offer also references the guidelines of the Human Resources Department and encloses copies of benefit summaries for both "unrepresented exempt employees" and "administrative/professional staff."

{¶ 18} Thus, it is evident from the language used by the parties that the two other letters alone were not intended as a full and complete expression of the parties' agreement and that relevant published University Rules and Human Resources Manuals were also part of the agreement. If that is the case, it is also clear that plaintiff's employment was terminated in accordance with the parties' agreement inasmuch as plaintiff's job was abolished pursuant to the applicable University Rule, and Personnel Policy and that she was provided with two months notice in accordance with such rule and policy. See University Rule 3361:30-29-02, Stipulated Exhibit 5A; and Personnel Policy 15.05, Stipulated as Exhibit 5B.

{¶ 19} Plaintiff insists, however, that the "Rules of the University" and the "Human Resources Policy and Procedures Manual" are not part of the contract inasmuch as the two "offer-letters" dated September 15, 2004, and December 19, 2006 do not expressly incorporate either document. As stated above, the language used in the two letters evidences the parties' intent to include the relevant documents as part of the agreement. Moreover, even if the court were to assume that defendant's University Rules and Human Resources Manual were not part of the parties' agreement, plaintiff has not proven that her discharge was otherwise wrongful. While plaintiff correctly states that under the December 2006 letter she was offered employment for a duration of one year beginning January 1, 2007, and ending December 31, 2007, plaintiff's

employment thereunder was subject to termination without cause and without notice pursuant to the provision of the 2004 letter stating "[y]ou will serve at the pleasure of the Dean * * *."

{¶ 20} As a general rule, the employment-at-will doctrine holds that when a contract of employment does not mention the duration of employment, employment is considered to be at-will and terminable by either party for any reason or for no reason. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 103. One of the exceptions to the employment-at-will doctrine is an express or implied contract altering the terms for discharge. Id. See also *Henkel v. Educational Research Council of America* (1976), 45 Ohio St.2d 249.

{¶ 21} Here, plaintiff is not an at-will employee inasmuch as the express contract of employment contains a duration. However, the use of the phrase "you will serve at the pleasure of the Dean" means that plaintiff's one-year term is subject to termination at any time and for any legal reason, with or without notice. The contract language contains no guarantee of employment for the full year and no penalty for early termination. Thus, even if plaintiff is correct and the entire contract is determined to be embodied in the two offer-letters, plaintiff has failed to show that the abolishment of her job violated any specific term of the contract.

{¶ 22} Plaintiff argues that defendant's failure to specifically state that plaintiff was to "serve at the pleasure of the Dean" in the second letter dated December 19, 2006, means that the parties modified the terms for discharge in 2007. The court disagrees.

{¶ 23} First, the December 19, 2006, letter offers plaintiff a "continuation of [her] appointment as Assistant Dean." A reasonable reading of that phrase suggests that the relevant terms of her current contract shall apply in her new term. Second, the court believes that the language of the 2006 letter would necessarily include some specific provision regarding either "cause for termination" or "damages in the event of early discharge" had the parties truly intended to alter the terms for discharge. Absent such language, the only reasonable reading of the 2006 letter is that plaintiff continued to serve at the pleasure of the Dean during her second term as Assistant Dean. Thus,

defendant had the right to discharge plaintiff before the expiration of the stated term without incurring an obligation to pay her salary and benefits for the full term.

{¶ 24} Having determined that plaintiff's employment agreement permitted defendant to discharge her at any time and for any legal reason, defendant's abolishment of plaintiff's job with two months' written notice was not a violation of any of plaintiff's rights under the parties' agreement. Inasmuch as plaintiff has alleged no other legal impediment to her discharge, whether it be a specific statute or a recognized public policy exception, plaintiff's claim against defendant is without merit. For the foregoing reasons, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHERRY GEVEDON

     Plaintiff

     v.

THE UNIVERSITY OF CINCINNATI

     Defendant
     Case No. 2007-08031

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issues of liability and damages. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are

assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

David M. Duwel                          Randall W. Knutti
2101 First National Plaza               Assistant Attorney General
130 West Second Street                  150 East Gay Street, 18th Floor
Dayton, Ohio 45402                      Columbus, Ohio 43215-3130

LP/cmd
Filed November 17, 2010
To S.C. reporter December 1, 2010